# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  14-CIV-80345-BLOOM/Valle

CLARENS A. SEVERE,

      Plaintiff,

v.

SHAPIRO, FISHMAN & GACHE, LLP,
AND CITIMORTGAGE, INC.,

      Defendants.

_____/

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS

     **THIS CAUSE** came before the Court on Defendant CitiMortgage, Inc.'s ("CitiMortgage" or "Defendant") Motion to Dismiss, ECF No. [15] (the "Motion") Plaintiff Clarens S. Severe's ("Plaintiff") Amended Complaint, ECF No. [10-1]. The Court has carefully reviewed the record, the parties' briefs, and the applicable law, and for the reasons set forth below, **GRANTS** the Motion.

## I.  BACKGROUND

     A note and mortgage for $500,800.00 was executed in Plaintiff's name in favor of his original lender, Homecomings Financial Network, Inc., on February 13, 2006. *See* ECF No. [10-1] Exh. C (the "Note"); ECF No. [10-1] Exh. D (the "Mortgage").  Plaintiff disputes the authenticity of the Note and Mortgage, and asserts that they do not bear his signature.  Am. Compl. ¶ 33.  After origination, the Note was assigned or transferred to Defendant.  Am. Compl. ¶¶ 28, 30.  Plaintiff alleges that Defendant's acquisition of the Note was improper and effected without notice or a statement of transfer to Plaintiff, and that Defendant is not validly Plaintiff's lender or creditor.  Am. Compl. ¶¶ 30, 35, 39, 44, 72.  Plaintiff, however, scheduled Defendant

as a creditor in two separate bankruptcy proceedings, initiated on March 17, 2011 and August 15, 2012.  *See In re Severe*, Case No. 11-17040 (Bankr. S.D. Fla.); *In re Severe*, Case No. 12-29571 (Bankr. S.D. Fla.) (the "Bankruptcy Cases"); *see also* ECF No. [15-1] (petitions and schedules in Bankruptcy Cases).

On November 10, 2008, Defendant initiated a foreclosure action against Plaintiff in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "Circuit Court"), captioned *CitiMortgage, Inc. v. Severe, et al.*, Case No. 50-2008-CA-035764 (the "Foreclosure Action").  ECF No. [10-1] Exh. B.  On August 3, 2010, Defendant obtained a final judgment of foreclosure in the Foreclosure Action.  ECF No. [10-1, Exh. E].  Plaintiff twice filed for bankruptcy protection post-judgment; both Bankruptcy Cases were dismissed. Following the foreclosure judgment and dismissal of the Bankruptcy Cases, Plaintiff filed motions before the Circuit Court to cancel the foreclosure sale on the mortgaged property and to vacate the foreclosure judgment.  *See* ECF No. [15-2] (docket list in Foreclosure Action).  On May 28, 2014, the Circuit Court denied those motions.  *Id.* at docket entry 68.  Plaintiff filed a motion for reconsideration, which, on July 8, 2014, was also denied.  *Id.* at docket entry 75.

Plaintiff filed his Initial Complaint against Defendant on March 11, 2014, ECF No. [1], and his Amended Complaint on June 19, 2014.  *See* ECF No. [13] (order granting leave to amend).   Plaintiff has named both CitiMortgage and Shapiro, Fishman & Gache, LLP ("Shapiro") as defendants.  Plaintiff has yet to properly effect service on Shapiro, and has been directed by the Court to do so by October 15, 2014.  *See* ECF No. [31].

With respect to CitiMortgage, Plaintiff seeks actual, compensatory and statutory damages for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. ("Count I"); and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55,

*et seq.* ("Count II"); breach of contract ("Count III"); and tortious interference with business relationship ("Count IV").  Plaintiff alleges that Defendant employed improper methods of debt collection and that Defendant's foreclosure was illegal.  Am. Compl. ¶¶ 25, 27.  He further alleges that Defendant failed to make disclosures to Plaintiff required under the FDCPA, and failed to offer Plaintiff required foreclosure counseling.  *Id*. ¶¶ 22, 43.  Plaintiff also claims that the foreclosure action and subsequent judgment constitute a breach of the parties' lending agreement as well as tortious interference.  *Id*. Count III ¶ 7; Count IV ¶¶ 14-16.

Defendant filed the instant Motion on July 15, 2014; Plaintiff responded on August 18, 2014, ECF No. [19] (the "Response"); and Defendant replied on  August 26, 2014, ECF No. [21] (the "Reply").

## II.  LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002).  While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").   Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).  The Supreme Court has emphasized that "[t]o survive a

motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.   A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).   A district court may also take judicial notice of court documents without on a motion for summary judgment. *See Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).   While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III.   DISCUSSION

Defendant has raised several arguments in support of its motion, including that the *Rooker-Feldman*[1] doctrine bars Plaintiff's claims and that, regardless, Plaintiff's claims are time-barred.  Because the Court agrees, the Court need not address the parties' other arguments.

### A.   The *Rooker-Feldman* Doctrine

"The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009); *see also Nicholson v. Shafe*, 558 F.3d 1266, 1271 (11th Cir. 2009) (federal district courts have "no authority to review final judgments of a state court"); *Doe v. Florida Bar*, 630 F.3d 1336, 1340-41 (11th Cir. 2011) (where applicable, *Rooker-Feldman* deprives federal court of subject matter jurisdiction).  *Rooker-Feldman* is "confined to cases of the kind from which the doctrine acquired its name:  'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1072 (11th Cir. 2013) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  The doctrine applies to claims actually raised before the state court "and to those 'inextricably intertwined' with the state court's judgment." *Casale*, 558 F.3d at 1260.  The *Rooker-Feldman* analysis is a two-part inquiry: first, whether the state court

---

[1] *Rooker v. Fid. Trust. Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

proceedings have ended, and second, whether the plaintiff's claims are "inextricably intertwined" with the state court judgment. *See Velazquez v. South Fla. Fed. Credit Union*, 546 Fed. App'x 854, 856-57 (11th Cir. 2013).

### 1.     Whether the state court proceedings have ended

In order for *Rooker-Feldman* to apply, the state court proceedings must end, which occurs in three scenarios:

> (1) when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, (2) if the state action has reached a point where neither party seeks further action, and (3) if the state court proceedings have finally resolved all the federal questions in the litigation but state law or purely factual questions (whether great or small) remain to be litigated.

*Nicholson*, 558 F.3d at 1275 (quoting *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 21 (1st Cir. 2005)).  Determining the issue of whether the state court proceedings have ended requires examining the state of the proceedings "at the time the plaintiff commences the federal court action." *Id*. at 1279.

Neither of the first two *Nicholson* scenarios applies here.  While Defendant represents that Plaintiff has not filed a notice of appeal of the Circuit Court's foreclosure judgment, *see* Resp. at 2, that case is still pending.  Plaintiff's motion for reconsideration in the Foreclosure Action was denied only on July 8, 2014, and both parties have filed papers there as recently as September 23 and 24, 2014.  However, the third *Nicholson* scenario does apply.  At the time Plaintiff filed the instant federal action, the only issue remaining in the Foreclosure Action was the disposition of the foreclosure sale and transfer of title.  Furthermore, all attempts to seek relief after the filing of the instant federal action constituted collateral attacks on the state court judgment. None involved federal questions needing resolution.  The record does not indicate that

after March 11, 2014, any federal questions remained to be litigated in the state court proceeding.

> **2.    Whether Plaintiff's claims are "inextricably intertwined" with the state court judgment**

A claim is inextricably intertwined with a state court judgment "if it would 'effectively nullify' the state court judgment, or it 'succeeds only to the extent that the state court wrongly decided the issues.'"   *Casale*, 558 F.3d at 1260 (quoting *Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996) and *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)); *see also Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1316 (S.D. Fla. 2011).

Claims brought under the FDCPA are subject to the constraints of the *Rooker-Feldman* doctrine, including claims which seek money damages instead of an outright overturning of the state court judgments. *See Harper v. Chase Manhattan Bank*, 138 Fed. App'x 130, 132-33 (11th Cir. 2005); *O'Neal v. Bank of Am., N.A.*, 2012 WL 629817, at *6 (M.D.Fla. Feb. 28, 2012). "However, District Courts in the Eleventh Circuit have recognized a distinction between FDCPA claims seeking to overturn state court judgments and FDCPA claims seeking to hold defendants liable for violations of the statute occurring during collection efforts preceding any judgment." *Collins v. Erin Capital Management, LLC*, 991 F.Supp.2d 1195, 1203 (S.D. Fla. 2013) (and collecting consistent cases from other Circuits); *see also Solis v. Client Servs., Inc.*, 2013 WL 28377, at *4 (S.D. Fla. Jan. 2, 2013) (If an "allegation is premised on [d]efendants' conduct and practices in collecting the debt, [and] not the validation or legitimacy of the debt itself, it is not precluded by the *Rooker-Feldman* doctrine."); *Drew v. Rivera*, 2012 WL 4088943, at *3 (N.D. Fla. Aug. 6, 2012), ("The fact that a state court judgment was entered recognizing the credit card debt is not mutually exclusive to claims that a debt collector violated the FDCPA in seeking to collect on the indebtedness or violated the FDCPA in attempting to collect on the state court

judgment that was entered.  Thus, the Court would not be overturning the state court's judgment, which concluded that the debt was enforceable, if it were to find Defendant liable for unfair debt collection practices.").  In other words, *Rooker-Feldman* does not preclude jurisdiction when a plaintiff asserts violations of the FDCPA which do not implicate the validity of a previous state court judgment or related debt, but focus on, e.g., allegedly improper debt collection methods.

Plaintiff's Amended Compliant is essentially a broad base attack on the Circuit Court's final judgment and an attempt to re-litigate the Foreclosure Action.  Plaintiff alleges, in effect, that Defendant lacked standing to bring the Foreclosure Action, and challenges the validity of the debt on which the Circuit Court based its judgment.  He characterizes the Foreclosure Action itself as a series of improper actions taken by Defendant under the FDCPA and FCCPA.  He alleges that Defendant breached the Note by engaging in the Foreclosure Action, and tortuously interfered (with Plaintiff's "contractual relationship," ostensibly with his "real" lender) by undertaking the Foreclosure Action.  Plaintiff's allegations related to Defendants' failure to provide him a notice of acceleration and a notice of default, and to comply with certain requirements under the Note and Mortgage and "all conditions precedent," similarly ring hollow.  These are essentially defenses to the state foreclosure action, which Plaintiff could have presented to the Circuit Court.  Plaintiff's allegations fall squarely within the province of *Rooker-Feldman* because they seek relief from this Court which requires adjudging that the state court's final judgment of foreclosure was invalid.  *See Velazquez*, 546 F. App'x at 858 ("He alleges fraud upon the court; in reality, he objects because the state appellate court was not persuaded by his evidence of fraud and because it did not sanction opposing counsel.  In short, Velazquez is seeking reversal of the state courts' decisions.").

### B.       Plaintiff's Claims Are Time-Barred

In addition to his collateral attack on the Circuit Court's foreclosure judgment, Plaintiff appears to allege that Defendant engaged in improper debt collection practices *before* it initiated the Foreclosure Action.[2]   To the extent Plaintiff does so, the Court's consideration of those allegations would not be barred by *Rooker-Feldman*.  *See Collins*, 991 F.Supp.2d at 1203-04. Nevertheless, all of Plaintiff's claims would be time-barred.

Regarding Plaintiff's FDCPA claim, 15 U.S.C. § 1692k(d) provides that "[a]n action to enforce  any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).  Fla. Stat. § 559.77(4) provides a two-year statute of limitations on FCCPA civil actions; Fla. Stat. § 95.11(3) sets a four-year statute of limitations for tortious interference claims, *see* Fla. Stat. § 95.11(3)(f), (o); *Yusuf Mohamad Excavation, Inc. v. Ringhaver Equip., Co.*, 793 So. 2d 1127, 1128 (Fla. Dist. Ct. App. 2001) ("four year statute of limitations for tortious interference"); and Fla. Stat. § 95.11(2)(b) creates a five-year statute of limitations for breach of contract claims.

To the extent not precluded by *Rooker-Feldman*, Plaintiff's claims are based on Defendant's alleged improper collection practices prior to the Foreclosure Action, initiated on November 10, 2008.  Plaintiff filed the instant federal action on March 11, 2014 – beyond even the four-year limitations period for contract claims.  Therefore, even if premised on Defendant's conduct prior to the Foreclosure Action, all of Plaintiff's claims are time-barred.

---

[2] The Amended Complaint is somewhat scattershot and repetitive.  That said, and construing the pleading in the light most favorable to the *pro se* Plaintiff, *see, e.g.*, *Irwin v. Miami-Dade Cnty. Pub. Sch.*, 2009 WL 497648, at *4 (S.D. Fla. Feb. 25, 2009) *aff'd*, 398 Fed. App'x 503 (11th Cir. 2010) (*pro se* pleadings are to be construed liberally), the Amended Complaint can be understood to state allegations relating to actions that predate the Foreclosure Action.  *See, e.g.*, Am. Compl. ¶¶ 27, 31 (alleging that "[t]he collection methods employed by Defendant were harassing and illegal" before alleging that Defendant "filed or caused to be filed a civil action to

## IV. <u>CONCLUSION</u>

In sum, Plaintiff's Amended Complaint is a collateral attack on the Circuit Court's findings, and the causes of action all relate to the state claims. Thus, *Rooker-Feldman* precludes the Court from considering Plaintiff's claims. To the extent the Amended Complaint can be construed as pertaining to Defendant's alleged improprieties which occurred prior to commencement of the state court Foreclosure Action and therefore unaffected by *Rooker-Feldman*, Plaintiff's claims are each time-barred. Defendant's Motion to Dismiss must accordingly be granted.[3]

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.  Defendant CitiMortgage, Inc.'s Motion to Dismiss, ECF No. [15] is **GRANTED**.

2.  Plaintiff Clarens S. Severe's Amended Complaint, ECF No. [10-1], as to Defendant CitiMortgage, Inc., is **DISMISSED without prejudice**, based on the *Rooker-Feldman* doctrine.

---

foreclose"); *id.* ¶¶ 43, 62 (Plaintiff did not receive proper foreclosure counseling); *id.* ¶¶ 30, 72 (no notice to Plaintiff of transfer of Note to Defendant).

[3] The Court will dismiss Plaintiff's Amended Complaint without prejudice, since it is jurisdictionally precluded from considering the claims under the *Rooker-Feldman* doctrine. To the extent Plaintiff's claims could be construed not to implicate *Rooker-Feldman*, they are time-barred, and would be dismissed with prejudice.

**DONE AND ORDERED** in chambers at Fort Lauderdale, Florida, this 3rd day of October, 2014.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

11